HARRIS, Judge.
In order to put itself in a position to compete for a V.A. hospital to be located in East Central Florida, Orange County entered into a contract with Howard R. Seharlin, Ralph Fisch, and Robert Yeager in which Scharlin, Fisch and Yeager agreed to donate certain property and perform certain services in exchange for the County’s obligation to provide certain improvements. It was understood by the parties that luring the V.A hospital to Orange County, while it would be extremely beneficial to the county, was fraught with the uncertainty that accompanies many political decisions. The County agreed to assume the risk that the V.A. hospital would not come to Orange County.
When the County was finally advised that the V.A. hospital would indeed go elsewhere, it attempted to terminate its agreement with Scharlin, Fisch and Yeager by a letter from the County Chairman.[1] Scharlin, Fisch and Yeager sued for damages incurred in reliance on the County’s agreement. The County moved for summary judgment relying primarily on its defense that Scharlin, Fisch and Yeager had failed to perform a certain condition precedent or, in the alternative, had committed a prior breach of contract which would excuse the County’s non-performance.[2]
*277 It is the County’s position that the following contract provisions relating to the delivery of a deed to the Brevard County site, admittedly not performed, constituted either unperformed conditions precedent or a prior breach by Scharlin, Fisch and Yeager:
I. Covenants of Owners ...
A. Donation of Property
5. Brevard County Parcel. The Owners shall donate the Brevard County Parcel to Orange County. The Owners and Orange County acknowledge that the final location and configuration of the Brevard County Parcel is still subject to the review and approval of the VA and that, upon mutual agreement of the Owners and the VA and delivery to Orange County of the items required by subparagraph (C) hereinbelow and in accordance with the procedures of said subparagraph (C), a substitute parcel may be donated to Orange County in lieu of the Brevard County Parcel described in Exhibit “F.”
B. Timing of Donation. The Owners shall deliver deeds conveying the Lee Vista Donations, Econ Donations, Interchange Site, and the VA Site, within thirty (30) days of the date of this Agreement unless extended pursuant to subparagraph (c) hereinbelow. The Owners shall deliver a deed conveying the Brevard County Parcel to Orange County within thirty (30) days of receipt of written confirmation of acceptance of the Brevard County Parcel by the VA or, in the event a substitute parcel is selected, within sixty (60) days of written confirmation of the agreement of the Owners and the VA with respect to the VA’s acceptance of the substitute parcel, unless extended pursuant to subparagraph (c) hereinbelow.
C. Donation Documents. The Owners will donate a conveyance of fee simple title to their respective properties and the Bre-vard County Parcel to Orange County by Special Warranty Deed free and clear of all liens and encumbrances (the “Deeds”). In connection with the delivery of the Deeds, each owner shall deliver the following items to Orange County (said delivery to be made to the Orange County Legal Department) at the Owners’ sole cost and expense:
(i) Title opinion ...
(ii) Sworn Affidavits from each Owner
confirming ...
(iii) Partial Releases, satisfactions ...
(iv) Current survey of said property ...
(v) Level I environmental audit ...
In the event the Owners are unable to deliver all of the foregoing items to Orange County within thirty (30) days of the date of this Agreement, Owners shall deliver such of the executed Deeds and other items as Owners have obtained to Orange County in escrow on that date. Owners shall have an additional ninety (90) days to obtain the remaining items and deliver same to Orange County. In the event Owners do not deliver all of the foregoing items to Orange County within one hundred twenty (120) days from the date of this Agreement, unless receipt of any such items is waived by Orange County or said date is extended in writing by the Owners and Orange County, then, at the option of either Orange County or the Owners exercisable by written notice hereunder, this agreement and the rights and obligations of the parties hereunder shall be terminated and of no further force and effect ...
Perhaps in too summary a manner for such a complex case, the trial court granted the County’s motion for summary judgment as follows:
THIS CAUSE having come on to be heard on ORANGE COUNTY’S Motion for Summary Judgment and Plaintiffs Cross-Motion for Summary Judgment, and the Court having considered the pleadings, memoranda of law and exhibits, and having heard and considered argument of counsel, the Court finds that there is no genuine issue as to any material fact and that ORANGE COUNTY is entitled to judgment as a matter of law because ORANGE COUNTY had no obligation to perform or otherwise continue under the V.A. Agreement after 120 days expired without Plaintiffs having delivered to ORANGE COUN *278 TY a deed and other documents pertinent to a parcel of land in Brevard County as specified in and required by the V.A. Agreement. Accordingly, ORANGE COUNTY properly terminated the V.A. Agreement pursuant to the express and unambiguous provisions of the contract.
The court apparently relied on the County’s condition precedent defense without considering the counter argument that the 120-day period was not intended to limit the thirty-day period after the V.A.’s approval (which subparagraph B gave the owners) in which to deliver the deed to the Brevard site. Further, the court also does not appear to have addressed the argument that, even if the limitation period was to run from the date of the agreement, by its conduct, the County had waived the 120-day period.
We find that the trial court erred in granting summary judgment merely because the Brevard deed was not delivered within 120 days, a fact which was conceded throughout these proceedings, without determining the other issues relating to the delivery of the deed.
Paragraph 5 seems to have created the dilemma which has caused the uncertainty in this case. The paragraph starts by declaring that Seharlin, Fisch and Yeager shall donate the Brevard County parcel which is described in exhibit “F” attached to the contract. Had the paragraph stopped here, this litigation would have been avoided. However, the parties agreed that the V.A. could reject this site and choose a substitute parcel. No time limit was placed on the V.A.’s decision.
To cover their obligation in case the V.A. did accept the parcel described in the contract, Seharlin, Fisch and Yeager acquired an option to purchase the property and offered that option to Orange County together with a letter of credit in the amount of the purchase price. Orange County contends that this offer did not satisfy the requirement to “deliver the deed” as well as the title opinion and other title requirements within 120 days of the contract.
But did the parties really contemplate that Seharlin, Fisch and Yeager would be required to purchase the Brevard site immediately so that they could deed it to the County prior to V.A. approval? Or did the parties intend that the property would be available if the V.A. wanted it but, if the V.A. so elected, a substitute parcel agreeable to all parties including the V.A. would be purchased for donation?
Although paragraph 5 does not expressly provide what will happen if the V.A. neither accepts the described parcel nor selects a substitute parcel (the facts of our case), the implication is that if the V.A. takes no action, then the described parcel should be conveyed to the County.[3] The question before us is when the 30 days permitted by paragraph B for the delivery of the deed to the described property should start running. Did the parties mean for it to start running while the V.A. was considering its options? If so, then paragraph C becomes a “loophole” that permits the County to shift the risk of an adverse V.A. decision that it assumed in another part of the contract back to Seharlin, Fisch and Yeager.
It should be noted that paragraph B permits the period for the conveyance of the Brevard County site to be extended by sub-paragraph C but not shortened. Therefore, under paragraph B, regardless of when the V.A. acceptance was given, the owners had at least 30 days to deliver the deed to the described parcel and 60 days to deliver the deed to any substitute parcel. If the V.A.’s acceptance, for example, was given on the 100th day, paragraph B would give the owners an additional 30 days to deliver the deed. The County concedes that the purpose of the requirement for the conveyance of the Bre-vard site was either to satisfy a V.A. requirement for its coming to Orange County or, in the event the V.A. elected to go elsewhere, to give additional assets to Orange County to *279 assist in the expense it would incur in meeting its contractual obligations. By giving the owners the 30 days in which to meet their obligations — after the V.A. withdrew from the picture — the County’s second purpose still would be realized.
Because there is a patent ambiguity between the terms of paragraphs A5 and B, both of which contemplate that the deed to the Brevard property will be delivered within a period which commences from Y.A. action (or withdrawal), and paragraph C, which requires that all “items” must be delivered within 120 days, the intent of the parties must be determined in order to resolve this ambiguity. There is conflicting testimony in the record that precludes a summary judgment on this issue.
Further, the 120-day limitation period would have expired on February 22, 1993. This date is taken from the February 19, 1993 letter from Roger Neiwender, Deputy County Administrator, to Howard Scharlin reminding him that the 120-day due diligence period would expire on February 22 and advising him that the County did not intend to waive that time period. The letter, however, also included the following:
We are also continuing to aggressively pursue some response from the V.A. on where they stand with respect to the Bre-vard County Parcel.
We would, of course, be willing to advance to the Board any proposal that you may have to extend this time period under the contract.
This letter was dated on the Friday before the Monday 120-day expiration date. Even then the County was “aggressively” pursuing the V.A. response as to the Brevard site. Suppose the V.A. had approved the Brevard site on that day. Would not paragraph B have given the owners 30 days to deliver the deed even though the 120 days would have expired?
Since the County was well aware that the 120-day period would expire on February 22 but chose not to immediately terminate but instead continued their efforts to obtain the V.A. hospital until the V.A. rejected Orange County as the location, regardless of Mr. Neiwender’s prediction to the contrary, waiver remains an issue that must be resolved. The record in this case simply does not justify a summary judgment on this issue.
REVERSED and REMANDED for further action consistent with this opinion.
W. SHARP and GOSHORN, JJ., concur.

. In her letter terminating the agreement, the Chairman of the Orange County Board of County Commissioners stated:
As you are aware, notwithstanding our aggressive lobbying effort, the V.A. announced yesterday its decision to move the proposed V.A. Hospital to the Vierra site in Brevard County. Consequently, delivery of the Brevard County parcel (as the term is defined in the V.A. agreement) cannot and will not occur at any time. (Emphasis added.)
What does this mean? Is this an affirmation that the County really didn't expect the Brevard parcel to be delivered until the V.A. finally decided to come to Orange County?

. The County raised other defenses but since the trial court did not consider them at the hearing *277 on the motion for summary judgment, we do not consider them at this time.

. This interpretation is consistent with the statement in the County's brief: "If Orange County becomes bound under section II of the V.A. agreement to go forward with performance of its obligations, and the V.A. changed its mind and did not want to build on the hospital or clinic sites, then the two parcels, one in Orange and the other in Brevard, would constitute Orange County's collateral, to keep or sell."